# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Al Nawars Company ) | ASBCA No. 59043 |
| ) | |
| Under Contract No. W917BE-06-C-0018 ) | |

APPEARANCE FOR THE APPELLANT: Mr. Buraier Yassen
Owner

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
  Engineer Chief Trial Attorney
James D. Stephens, Esq.
Robert J. McKenney, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, Middle East
  Winchester, VA

## OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN
## DISMISSING WITH PREJUDICE FOR FAILURE TO PROSECUTE

This appeal arises from a contract awarded to appellant by a United States Army Corps of Engineers contracting officer for a series of valve/pipe hardening projects in the Iraqi Governorate of Nineveh (R4, tab 4 at 1-4). The contract incorporated by reference the standard Disputes clause, FAR 52.233-1, DISPUTES (JUL 2002) – ALTERNATE I (DEC 1991) (R4, tab 4 at 10).[1] As discussed in our earlier decision denying the government's motion to dismiss the appeal for lack of jurisdiction pursuant to the Contract Disputes Act (CDA) six-year statute of limitations, the government terminated the contract for default; appellant subsequently submitted a monetary claim; and, upon denial of the claim, appellant timely appealed to the Board. *See Al Nawars Co.*, ASBCA Nos. 59043, 59044, 15-1 BCA ¶ 35,955.

By Order dated 29 January 2015, the Board directed the government to state its views as to whether the contract had been issued pursuant to the Commanders' Emergency Response Program (CERP), or was a procurement contract under the CDA. The government responded, by letter dated 27 March 2015, with its view that the contract was a CERP agreement. By Order dated 9 April 2015, the Board then directed the parties

---

[1] The Disputes clause states that a "Contracting Officer's decision shall be final unless the Contractor appeals...as provided in the [CDA]." FAR 52.233-1(f). The CDA provides that "[a] contractor, within 90 days from the date of receipt of a contracting officer's decision...may appeal the decision to an agency board." 41 U.S.C. § 7104(a).

to provide their views on the impact, if any, of the Board's opinion in *Latifi Shagiwall Constr. Co.*, ASBCA No. 58872, 15-1 BCA ¶ 35,937, on the Board's jurisdiction to adjudicate the appeal. In *Latifi*, the Board held that it lacked jurisdiction over an appeal involving a CERP contract without any provision authorizing an appeal to the Board. The government responded to the Board's 9 April 2015 Order and took the position that the contract was a procurement contract and that the Board therefore had jurisdiction under the CDA. Appellant did not respond to the Order.

The contract in this appeal has a Disputes clause that contemplates an appeal to the Board. We have previously found that such a clause may provide an independent basis for our jurisdiction under the Board's Charter. *See, e.g., Latifi*, 15-1 BCA ¶ 35,937 at 175,634; *Patriot Pride Jewelry, LLC*, ASBCA No. 58953, 14-1 BCA ¶ 35,624 at 174,478 (clause granted the Board authority to adjudicate "all disputes arising under or relating to" the parties' agreement). For purposes of this decision, it is unnecessary for us to determine whether our jurisdiction to adjudicate the appeal derives from the CDA or the Board's Charter.

Despite numerous attempts to elicit responses from appellant, the Board has received no correspondence from appellant in this appeal since 21 April 2015. By motion dated 9 November 2015, the government requested the Board to issue an order directing appellant to show cause why this appeal should not be dismissed with prejudice for failure to prosecute pursuant to Board Rule 17. In support of its motion, the government alleged that appellant had not responded to the government's communication attempts since 20 April 2015. By Order dated 17 November 2015, appellant was ordered to show cause no later than 17 December 2015 why the appeal should not be dismissed with prejudice for failure to prosecute. The Board's 17 November 2015 Show Cause Order was transmitted to two email addresses, both of which appellant had used previously to communicate with the Board. The Board has received no response from appellant. Accordingly, this appeal is dismissed with prejudice under Board Rule 17.

Dated: 19 January 2016

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

2

I concur                                   I concur

MARK N. STEMPLER               RICHARD SHACKLEFORD
Administrative Judge                Administrative Judge
Acting Chairman                     Vice Chairman
Armed Services Board              Armed Services Board
of Contract Appeals                of Contract Appeals

       I certify that the foregoing is a true copy of the Order of Dismissal of the Armed Services Board of Contract Appeals in ASBCA No. 59043, Appeal of Al Nawars Company, rendered in conformance with the Board's Charter.

       Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3